FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 3 0 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES McDONALD,

                Plaintiff,

      - against -

NEW YORK REGIONAL RAIL CORPORATION
and NEW YORK CROSS HARBOR RAILROAD
TERMINAL CORP.,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-cv-3521 (SLT) (RER)

**TOWNES, United States District Judge,**

On October 10, 2014, counsel for the Port Authority of New York and New Jersey (the "Port Authority") and New York New Jersey Rail ("NYNJR") filed a motion to vacate the amended judgment in this action pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

**Factual Background**

On July 27, 2005, Plaintiff James McDonald commenced this action against the New York Regional Rail Corporation ("NYRR") and New York Cross Harbor Regional Terminal Corporation ("NYCHRR") under the Federal Employer's Liability Act, 45 U.S.C. S 51 *et seq.* (Dkt. No. 1.) On December 17, 2007, the parties reported to the Court that they had reached a settlement and the Court discontinued the action, without prejudice to reopening if the settlement was not consummated. (Dkt. No. 15.) By letter dated June 20, 2008, Plaintiff's counsel sought to reopen the matter because the settlement was not consummated. (Dkt. No. 16.) On August 22, 2008, the parties entered into a stipulated judgment pursuant to which McDonald would settle his claims against NYCRR and NYCHRR for $20,000, plus $127.43 in interest. Paragraph

4 of the stipulation provides that "The Defendants shall not affect any change in their form of doing business or organizational identities for the purpose of avoiding the terms and conditions contained in this Judgment." The stipulation was entered as an order by the Court on August 26, 2008. (Dkt. No. 22.). The Court expressly retained jurisdiction to enforce the judgment.

During the pendency of the litigation NYRR and NYCHRR were liquidated. It appears that NYRR was a holding company with no assets other than NYCHRR's rail operations. (May 20, 2014 Tr. at 2:17-24.) Pursuant to an Asset Purchase Agreement dated August 30, 2006, all of NYCHRR's assets, defined as "all tangible property, including but not limited to furniture, fixtures, machinery, equipment, tools and inventory [and] intangible property[, including] all right, title and interest ... [in real and intellectual property, including] service marks and the railroad operating authority granted by the Surface Transportation Board ..., [and] all causes of action related to the Purchased Assets and any benefits to inure therefrom..." were purchased by Mid-Atlantic New England Rail LLC for $1.00, and renamed New York New Jersey Rail LLC. (Dkt. No. 44-7, Banks Decl. Ex. G at ¶¶ 1-2.) Under the Purchase Agreement, the purchaser assumed certain limited enumerated liabilities from NYRR, and expressly disclaimed assuming any of the seller's other liabilities. (*Id.* at ¶ 4.) According to the signature page, a "James W. Cornell" signed as both Director of NYCHRR on behalf of the seller, and as Manager of New York New Jersey Rail LLC on behalf of purchaser. (*Id.* at 6.)

Thereafter, on September 15, 2008 – three months after judgment in this action was entered – James W. Cornell and Gordon Reger, as principals – sold Mid-Atlantic New England Rail LLC and its subsidiaries including New York New Jersey Rail LLC and other limited liability companies to the Port Authority of New York and New Jersey ("Port Authority") for approximately 15 million dollars. (Dkt. No. 44-7, Banks Decl. Ex. H at ¶¶ 1-2.) Plaintiff

alleges, and the Port Authority does not dispute, that Mid-Atlantic New England Rail LLC was liquidated with no presumed value, that it ceased all operations, and that all of its assets and common carrier obligations were transferred to the Port Authority.

By letter filed with the Court on February 7, 2013, McDonald sought permission to file a motion to amend the judgment to reflect the current identities of NYRR and NYCHRR. On June 4, 2014, this Court granted McDonald's motion and substituted defendants NYRR and NYCHRR with the Port Authority and New York Regional Rail Corporation as successor entities. Currently before the Court is a motion made by counsel for the Port Authority and New York New Jersey Rail (collectively, the "Port Authority), made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to vacate the amended judgment on the grounds that the Port Authority was not duly served. (Dkt. No. 43.) Plaintiff's counsel opposes the motion, which he mistakenly mischaracterizes as a motion to dismiss, on the grounds that it would violate the remedial policy underlying FELA to permit the Port Authority, as a successor-in-interest, to avoid liability for the judgment. For the following reasons, the Port Authority's motion is granted.

## Discussion

Rule 60(b) of the Federal Rules of Civil Procedure permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of five specific grounds or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, the Port Authority moves under Rule 60(b)(4), which provides for relief from a judgment where "the judgment is void." "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States Aid Funds, Inc. v.*

*Espinosa*, 559 U.S. 260, 270–71 (2010). The Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A defendant over whom there is no personal jurisdiction may move to vacate a judgment under Rule 60(b)(4). *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008) (noting that "voidness of a judgment for lack of personal jurisdiction can be asserted on a collateral challenge after entry of a default judgment ... under Rule 60(b)(4)"). It is undisputed that the Port Authority was never served. Thus, the judgment is void.

Plaintiff does not directly respond to the Port Authority's argument that the amended judgment is void for lack of personal jurisdiction, but suggests that the Port Authority's motion should be denied because the Port Authority had sufficient notice of the judgment entered against its predecessors-in-interest. "It is well-settled 'that when a person is found to be a successor in interest' to a person over whom the court has personal jurisdiction, 'the court gains personal jurisdiction over [the successor] simply as a consequence of their status as a successor in interest....'" *Leon v. Shmukler*, 992 F. Supp. 2d 179, 190-91 (E.D.N.Y. 2014) (quoting *LiButti v. United States*, 178 F.3d 114, 123 (2d Cir. 1999) (citations omitted)).[1] However, this rule

---

[1] Generally, under both federal common law and New York law, "a corporation that purchases the assets of another corporation is ... not liable for the seller's liabilities." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006); *see also Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 464 N.Y.S.2d 437, 451 N.E.2d 195, 198 (N.Y.1983). "Both New York law and traditional [federal] common law, however, recognize ... exceptions to this rule ... if: '(1) [the successor] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction [wa]s entered into fraudulently to escape such obligations." *Id.* (quotations omitted); *See also Lyons v. Rienzi & Sons, Inc.*, 863 F. Supp. 2d 213, 223-24 (E.D.N.Y. 2012) (applying successor-in-interest test to federal labor law

4

extending personal jurisdiction only applies *after* successor liability is established. *LiButti*, 178 F 3.d at 124–25 (rejecting argument that "even where no motion under Rule 25(c) is filed, the judgment against the original party binds the successor in interest as though the successor had been joined or substituted" because successor liability must first be established); *see also Addressing Special Problems in the Enforcement of Judgments*, 5 Bus. & Com. Litig. Fed. Cts. § 57:12 (3d ed.) ("One very significant advantage of substituting or joining a party under Rule 25(c) is that personal jurisdiction over that party ... automatically is deemed to exist. That is, once the judgment creditor establishes that successor liability exists, the successor-in-interest is deemed 'to stand in the shoes of the original party' in all respects including with regard to questions of jurisdiction and venue.").[2]

Here, it is undisputed that Plaintiff never served the Port Authority or otherwise gave the Port Authority notice and an opportunity to be heard on this issue of whether the Port Authority is liable on the judgment as a successor-in-interest. Given that valid service of process is a prerequisite to this Court's assertion of personal jurisdiction and there has been no such service,

---

claims); *Santanna v. Delaware & Hudson Ry. Co. Inc.*, No. 3:12CV1240, 2014 WL 1310643, at *2 (M.D. Pa. Mar. 31, 2014) (same, in railway context).

[2] Generally, the procedure for bringing a non-party into a federal action on a theory of successor liability is laid out in Rule 25(c), which provides:

> **Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c). The fact that judgment was already rendered does not preclude substitution under Rule 25(c) for purposes of subsequent proceedings to enforce the judgment. *See Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 566 F.2d 8, 23 (7th Cir. 1977); *U.S.I. Properties Corp. v. M.D. Const. Co.*, 230 F.3d 489, 495 (1st Cir. 2000). However, Rule 25(c) motions must be served "on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). "The literal meaning of Rule 25(c) requires service of the motion on the party to be joined." *Alfadda v. Fenn*, No. 89 CIV. 6217 (LMM), 1993 WL 307757, at *3 (S.D.N.Y. Aug. 6, 1993).

there is no personal jurisdiction over the Port Authority. Accordingly, this Court cannot enforce the amended judgment against the Port Authority and the amended judgment, which was entered without first establishing personal jurisdiction, is void. Accordingly, Port Authority's Rule 60(b)(4) motion is granted and the amended judgment is vacated.

## Conclusion

For the foregoing reasons, Port Authority's Rule 60(b)(4) motion is granted. The Clerk of Court is respectfully directed to vacate the judgment dated July 3, 2014 and reinstate the judgment dated August 26, 2008.

**SO ORDERED**

/s/ Sandra L. Townes
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ SANDRA L. TOWNES
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ United States District Judge

Dated: Brooklyn, New York
‎ ‎ ‎ ‎ April 29, 2015